**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| JAIME CASERES, | * | |
| Plaintiff, | * | |
|  | * | |
| v. | * | Civil Action No. 12-cv-01358-AW |
|  | * | |
| S & R MANAGEMENT COMPANY, LLC, | * | |
| *et al*, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM OPINION**</u>

Pending before the Court is Defendant Ronald Bergman's Motion to Dismiss or, in the Alternative, for Summary Judgment.  Doc. No. 17.  The Court has reviewed the parties' motion papers and exhibits and concludes that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2011).  For the reasons articulated below, Defendant's Motion will be GRANTED.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are taken from the Complaint and the parties' motion papers and supporting affidavits.  Plaintiff Jaime Caseres was employed by Defendant S&R Management Company, LLC ("S&R") as a construction worker from approximately October 16, 2006 through January 4, 2012.  Doc. No. 1, ¶¶ 1-2.  Defendant Ronald Bergman is a 25% owner of S&R.  Doc. No. 17-2, Bergman Aff. ¶ 1.  Bergman is employed by Rolyn Companies, Inc. and is not an employee or manager of S&R.[1]  *Id.* ¶ 2.

S&R's day-to-day operations are managed by a property manager, while maintenance operations are overseen by a maintenance supervisor who reports to the property manager.  *Id.*

---

[1] Rolyn Companies was a Defendant to this action, but was dismissed by stipulation of the parties on July 10, 2012. *See* Doc. No. 13.

¶ 4.  Bergman is not involved in the day-to-day operations of S&R with respect to property management or maintenance.  *Id.*  He does not supervise maintenance employees (or construction workers) such as Plaintiff, and has "virtually no contact" with these employees.  *Id.*  Bergman is not involved with hiring or firing them, setting their work schedules, determining their wages and other compensation, assigning them work duties or responsibilities, determining their conditions of employment, or maintaining records of their employment.  *Id.* ¶¶ 4–5.  The only involvement Bergman has with the human resources of S&R is with the hiring and firing of the property manager.  *Id.* ¶ 5.

Plaintiff typically worked onsite at one of S&R's properties, while Bergman worked at a different location in which S&R and Rolyn Companies maintain their offices.  *Id.* ¶ 3.  The only contact Bergman recalls having with Plaintiff was at a holiday luncheon for S&R's employees and owners.  *Id.* ¶ 2.  Plaintiff similarly recalls seeing Bergman and the other S&R owners at the holiday lunch each year.  Doc. No. 20-1, Caseres Aff. ¶ 11.  Bergman recalls no other meetings with Plaintiff, but states that any such interactions would have been minor and incidental.  Doc. No. 17-2, ¶ 2.  Bergman had no specific knowledge of Plaintiff's work duties, the details of his compensation, or how many hours he worked.  *Id.* ¶ 3.  However, one of Plaintiff's supervisors, whom he calls "Jill," told Plaintiff that Bergman was the boss and owned the buildings in which Plaintiff worked.  Doc. No. 20-1, ¶ 7–8.  Bergman and other S&R owners also visited Plaintiff's worksites once or twice a year.  *Id.* ¶ 9.

Plaintiff alleges that during his employment with S&R, he regularly worked more than forty hours per week and Defendants did not pay him one and one-half times his regular rate for his overtime work.  Doc. No. 1, ¶¶ 16–19.  Plaintiff claims that he is entitled to damages from Defendants under the federal Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour

Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL").  Bergman

has moved to dismiss or, in the alternative, for summary judgment on the claims against him on

the grounds that he is not an "employer" within the meaning of the FLSA, MWHL, and

MWPCL.

## II.     STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the]

complaint."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Except in certain

specified cases, the complaint need only satisfy Rule 8(a) of the Federal Rules of Civil

Procedure, which requires a "short and plain statement of the claim showing that the pleader is

entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff must plead "enough facts to state a claim

to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  In

resolving a motion to dismiss, the Court should proceed in two steps.  First, the Court should

determine which allegations in the Complaint are factual allegations entitled to deference, and

which are mere legal conclusions that receive no deference.  *See Ashcroft v. Iqbal*, 556 U.S. 662,

678–79 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  *Id.* at 678.  Second, "[w]hen there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief."  *Id.* at 679.

In its determination, the Court must "accept the well-pleaded allegations of the complaint

as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in

the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176

F.3d 776, 783 (4th Cir. 1999).  The Court should not, however, accept unsupported legal

allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal

conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545.

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). The court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

III.    ANALYSIS

The Fair Labor Standards Act ("FLSA") requires employers to pay employees overtime pay at a rate not less than one and one-half times the regular rate at which he is employed if the employee works in excess of 40 hours in a workweek.  29 U.S.C. § 207(a)(2).  Any "employer" who violates the overtime provision is liable to the affected employee in the amount of the unpaid overtime compensation and in an additional equal amount as liquidated damages.  *Id.* § 216(b).  The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."  *Id.* § 203(d).

To determine whether an individual is an "employer" under the FLSA, courts in this district have analyzed the economic realities of the relationship between the employee and the putative employer.  Under the economic reality test, an "employer" is someone who "(1) has the authority to hire and fire employees; (2) supervises and controls work schedules or employment conditions; (3) determines the rate and method of payment; and (4) maintains employment records."  *Khalil v. Subway at Arundel Mills Office Park, Inc.*, No. CCB-09-158, 2011 WL 231793, at *2 (D. Md. Jan. 24, 2011); *see also Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (applying same economic reality test); *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983) (same).  Courts in this district have also looked to "the person's job description, his or her financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship."  *Gionfroddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 890 (D. Md. 2011).  No single factor in the economic reality test is dispositive, and courts should consider the totality of the circumstances.  *See, e.g.*, *Speert v. Proficio Mortg. Ventures, LLC*, No. JKB-10-713, 2011 WL 2417133, at *3 (D. Md. June 11,

2011); *Jackson v. Mayor & City Council of Balt.*, No. JFM-08-3103, 2009 WL 2060073, at *3

(D. Md. July 14, 2009).

"The FLSA was enacted to protect the rights of those who toil, of those who sacrifice a

full measure of their freedom and talents to the use and profit of others." *Schultz v. Capital Int'l*

*Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006) (citations and internal quotation marks omitted).

The definition of "employer" should "be interpreted broadly to achieve Congress's intent to

provide a remedy to employees for their employers' wage and hour violations." *Gionfroddo*, 769

F. Supp. 2d at 890.  However, high-level officers or shareholders of a corporate employer are not

necessarily "employers" under the FLSA.  "[I]ndividuals ordinarily are shielded from liability

when they do business in a corporate form, and it should not lightly be inferred that Congress

intended to disregard this shield in the context of the FLSA." *Gray v. Powers*, 673 F.3d 352, 356

(5th Cir. 2012) (quoting *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 677 (1st Cir.

1998)) (alterations omitted).  Accordingly, an individual's status as a high-level corporate

shareholder or officer does not automatically impart "employer" liability to that individual, as

individual liability "is dictated by the economic reality of the employment relationship."

*Pearson v. Prof'l 50 States Prot., LLC*, No. RDB-09-3232, 2010 WL 4225533, at *4 (D. Md.

Oct. 26, 2010).

Like the FLSA, the Maryland Wage and Hour Law ("MWHL") requires employers to

provide overtime pay.  The MWHL's definition of "employer" is nearly identical to the FLSA's

definition.  Md. Code., Labor & Emp., § 3-401(b) ("'Employer' includes a person who acts

directly or indirectly in the interests of another employer with an employee.").  The Court will

therefore interpret MWHL "employer" liability under the FLSA standard.  *See, e.g.*, *Newell v.*

*Runnels*, 967 A.2d 729, 771 n.34 (Md. 2009) ("The distinction between the statutes is subtle and,

in the final analysis, we think unimportant for present purposes."); *Khalil*, 2011 WL 231793, at

*2 (calling the MWHL "the state's equivalent of the FLSA" and applying economic reality test

to causes of action brought under both statutes).

The Maryland Wage Payment and Collection Law ("MWPCL") requires employers to

pay accrued wages to employees upon termination of employment.  Md. Code, Labor & Emp., §

3-505.  The MWPCL defines "employer" to include "any person who employs an individual in

the State or a successor of the person."  *Id.* § 3-501(b).  In *Watkins v. Brown*, the court noted that

the definition is more "restrictive" than that found in the FLSA.  173 F. Supp. 2d 409, 416 (D.

Md. 2001).  Specifically, the MWPCL does not contain a provision that expands employer

liability to those acting on behalf of the employer.  *Id.*  As such, an "employer" under the

MWPCL has the "commonly understood meaning of the term . . . , which contemplates some

sort of contractual relationship involving the payment of wages in exchange for services."  *Id.* at

414.  Courts analyzing the MWPCL have rejected any interpretation that would encompass

supervisors, officers, or other agents acting on behalf of the corporate employer.  *See, e.g.*, *id.* at

416; *Hosack v. Utopian Wireless Corp.*, No. DKC 11-0420, 2011 WL 1743297, at *5 (D. Md.

May 6, 2011).

A.      Motion to Dismiss

The language of Plaintiff's Complaint is largely steeped in legal conclusions.  For

example, Plaintiff asserts that Defendants were "employers" within the meaning of the FLSA,

MWHL, and MWPCL."  Doc. No. 1, ¶¶ 7, 24, 35.  Plaintiff makes only one specific, factual

allegation regarding the individual Defendant: "Bergman, upon information and belief, is the

founder, director and officer of . . . S&R and also the owner or one of the owners of . . . S&R."

Doc. No. 1, ¶ 4.  As discussed above, Bergman is not an "employer" under the FLSA, MWHL,

or MWPCL merely because he is a high-level officer or stockholder of S&R.  The Complaint is devoid of allegations that Bergman himself had personal interactions with Plaintiff, or was personally involved in Plaintiff's hiring or firing, the supervision of Plaintiff's work, or Plaintiff's compensation.

However, Plaintiff's Complaint does contain allegations that all Defendants hired Plaintiff, paid him a salary, subjected him to a workweek longer than forty hours, and failed to provide overtime pay.  *Id.* ¶¶ 12–13, 16.  This is similar to the complaint in *Pearson v. Professional 50 States Protection, LLC*, in which the plaintiffs failed to identify specific actions or activities taken by the individual defendant, but alleged that all defendants collectively failed to properly compensate plaintiffs, maintained and recorded the plaintiffs' hours, and were aware that plaintiffs worked in excess of forty hours per week.  2010 WL 4225533, at *4.  The *Pearson* court concluded that the plaintiffs' complaint was sufficient to state a plausible claim against the individual defendant:

> Plaintiffs frame all allegations made in their Complaint in the plural, and this Court will construe all alleged facts in the light most favorable to the Plaintiffs. . . . In other words, this Court will presume that all allegations made against the Defendants also apply equally to [the defendant] in his individual capacity.

*Id.*  As with the pleadings in *Pearson*, the Complaint in this case alleges that Bergman and the other Defendants hired Plaintiff, paid him a salary, controlled his workweek, and denied him overtime pay.  The Court therefore concludes that Plaintiff has stated a plausible claim that Bergman is an "employer" under the FLSA, MWHL, and MWPCL.  Accordingly, Bergman's Motion to Dismiss under Rule 12(b)(6) must be denied.

B.    Motion for Summary Judgment

Although Plaintiff's claims against Bergman were adequately pled, the Court nonetheless concludes that Bergman is entitled to judgment as a matter of law pursuant to Rule 56.  Based on

the Bergman and Caseres affidavits, there is no genuine issue of material fact as to the following:
(1) Bergman played no role in the hiring or firing of Plaintiff or any other S&R construction
workers; (2) Bergman did not supervise or control Plaintiff's or other construction workers'
work schedules, responsibilities, or conditions of employment; (3) Bergman played no role in
determining Plaintiff's wages or the wages of other construction workers; (4) Bergman played no
role in maintaining payroll or other employment records; (5) Although Bergman is a 25% owner
of S&R, the only human resources decisions he makes for the company concern the hiring and
firing of the property manager; (6) Bergman and Plaintiff did not work in the same building, had
minimal personal contact with each other, and the contacts they had appeared to be minor and
occurred primarily at S&R social occasions.

　　　Given these undisputed facts, Bergman cannot be considered an "employer" within the
meaning of the FLSA, MWHL, or MWPCL.  Under the economic reality test outlined in *Khalil*
and other cases, Bergman did not hire or fire Plaintiff or similarly situated employees, supervise
or control Plaintiff's work schedule or employment conditions, determine his wages or method
of payment, or maintain his employment records.  *See* 2011 WL 231793, at *2.  The economic
reality factors outline in *Gionfroddo* also support a finding that Bergman is not an "employer"
within the meaning of the statutes, given that he was not employed by S&R and did not exercise
personal control over Plaintiff's employment with S&R.  *See* 769 F. Supp. 2d at 890.  Although
it is conceivable that Bergman could have played a role in the hiring and firing of construction
workers if he chose to, it is not disputed that he played no such role in the day-to-day operations
of S&R.

Plaintiff argues that the Court should not dismiss Bergman at this early stage of proceedings and that discovery is required.[2]  Doc. No. 20, at 2, 10–11.  The basis for Plaintiff's argument appears to be that "Jill," one of his supervisors, told Plaintiff and fellow construction workers that Bergman was the boss.  Plaintiff implies that because Bergman admitted to playing a role in the hiring and firing of the property manager, he may also have had the ability to exercise control over "Jill" or her subordinates, including Plaintiff.[3]  *See* Doc. No. 20, at 9–11. Plaintiff states that "[i]t is clear that a relationship existed between Bergman and the . . . construction employees.  The extent of the relationship may be addressed at discovery."  Doc. No. 20, at 2.  Plaintiff also noted that "[t]o what degree was Bergman involved in the affairs of S&R is to be determined during discovery.  At this step of the proceedings, it is clear that Bergman had control over the property manager who had control over Caseres."  *Id.* at 10.

Despite Plaintiff's vague assertion that a relationship existed between Bergman and the construction workers, the connections do not constitute an employment relationship within the meaning of the FLSA and MWHL.  Even if Plaintiff's speculation is correct, and discovery revealed that Bergman *could have* played a greater role in the day-to-day operations of the company by, for example, electing to exercise control over Plaintiff and other construction workers, this is insufficient to establish his liability under the FLSA.  It is undisputed that Bergman did not exercise day-to-day operational control over S&R and never had any material

---

[2] Plaintiff did not file a Rule 56(d) affidavit specifying the reasons why he is unable to present facts essential to justify his opposition.  Fed. R. Civ. P. 56(d).  The Fourth Circuit has held, however, that providing notice to the court of the reasons why summary judgment is premature may serve as an adequate substitute for a Rule 56(d) affidavit.  *See Harrods, Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244–46 (4th Cir. 2002).
[3] Plaintiff cites *Kaur v. Royal Arcadia Palace, Inc.* to support his argument that genuine fact issues remain.  643 F. Supp. 2d 676, 294 (E.D.N.Y. 2007).  In *Kaur*, the putative employer reportedly said that he was the manager, and certain employees were given the impression that he was in charge.  *Id.*  Given these facts, the court found that there was a question of fact as to whether he "maintained control over the staff in such a way that would qualify him as an employer for the purposes of the FLSA."  *Id.*  Unlike in *Kaur*, however, where the court acknowledged that there was "not much information in the record regarding [the individual's] control over the employees," in this case, the Court has sworn statements from Bergman and Plaintiff showing that Bergman did not exercise control over Plaintiff or similarly situated employees.  *Id.*

interactions with Plaintiff, and the Court will not impart liability to Bergman based on his hypothetical authority to control Plaintiff's employment. *See, e.g.*, *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162 (11th Cir. 2008) ("[U]nexercised authority is insufficient to establish liability as an employer."); *Gray*, 673 F.3d at 356 ("[A] status-based inference of control cannot alone suffice to create a genuine fact issue whether [the individual defendant] had power to hire [employees].").

The Court acknowledges that the case remains in its early stages, but must also consider that maintaining Bergman as a defendant will subject him to unnecessary burdens.  Plaintiff does not dispute the material facts before the Court, and does not explain how additional discovery will overcome the undisputed evidence that Bergman was not involved in the day-to-day operations of S&R and never had meaningful, personal contact with Plaintiff.  Accordingly, Bergman is entitled to judgment as a matter of law on Plaintiff's FLSA and MWHL claims. Bergman is also entitled to judgment as a matter of law on Plaintiff's MWPCL claims as it is undisputed that Plaintiff did not enter an employment contract with Bergman in his individual capacity.

## IV.    CONCLUSION

For the foregoing reasons, Bergman's Motion to Dismiss or, in the Alternative, for Summary Judgment, is GRANTED.[4]  A separate Order will follow.


October 24, 2012                                      /s/
      Date                              Alexander Williams, Jr.
                                         UNITED STATES DISTRICT JUDGE

---

[4] To the extent that discovery reveals a cognizable basis to conclude that Bergman can be considered an "employer" under the relevant statutes, the Court will consider a request by Plaintiff to reinstate Bergman as a party.  The dismissal of Bergman is therefore without prejudice.