IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|                                          | *  |                                 |
|------------------------------------------|----|---------------------------------|
| JAIME CASERES,                           | *  |                                 |
|     Plaintiff,       | *  |                                 |
|                                          | *  |                                 |
| v.                                       | *  | Civil Action No. 12-cv-01358-AW |
|                                          | *  |                                 |
| S & R MANAGEMENT COMPANY, LLC,           | *  |                                 |
|     Defendant.       | *  |                                 |
|                                          | *  |                                 |

****************************************************************************

**<u>MEMORANDUM OPINION</u>**

Plaintiff Jaime Caseres filed this action on May 3, 2012, alleging that Defendants failed to pay him overtime wages from 2006 through 2012 in violation of the federal Fair Labor Standards Act (FLSA), the Maryland Wage and Hour Law (MWHL), and the Maryland Wage Payment and Collection Law (MWPCL). Pending before the Court is remaining Defendant S&R Management Company, LLC's Motion for Summary Judgment.[1] Doc. No. 37. The Court has reviewed the parties' motion papers and exhibits and concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the reasons articulated below, Defendant's Motion will be GRANTED.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are taken from the parties' motion papers and exhibits and are construed in a light most favorable to Plaintiff. The factual and procedural background from the Court's October 24, 2012 Memorandum Opinion is also incorporated by reference. *See* Doc. No. 24.

---

[1] The Court dismissed Defendant Ronald Bergman from the action on October 24, 2012, Doc. No. 25, and the parties stipulated to the dismissal of Defendant Rolyn Companies, Inc. on July 10, 2012, Doc. No. 13.

S&R Management Company, LLC (S&R) manages various apartment buildings in the Washington, D.C. area.  Jill Matthews has worked as S&R's Property Manager since October 2005, and supervises Rebecca Moreno-Meoni, S&R's Office Manager, and Bill Beavers, S&R's Maintenance Supervisor.  Beavers has worked as S&R's Maintenance Supervisor since October 2005, overseeing maintenance operations and supervising the maintenance crew that works at each S&R property.  Beavers tries to visit each S&R property every day, and regularly visits each site multiple times per week.

Plaintiff Jaime Caseres began working for S&R as a maintenance worker in or about October 2006.  Plaintiff was terminated from his employment in January 2012.  While he was employed by S&R, Plaintiff's duties included painting, flooring, plumbing, electrical work, roofing, plastering, drywalling, and other construction and maintenance work on a variety of Defendant's properties.  Beavers was Plaintiff's supervisor at all relevant times.

As with all of S&R's maintenance employees, Plaintiff was scheduled to work Monday through Friday, 7:00 a.m. to 3:30 p.m. with a half-hour unpaid lunch break from 12:00 p.m. to 12:30 p.m.  Plaintiff knew his hours were from 7:00 a.m. to 3:30 p.m., and no one from S&R ever instructed Plaintiff to work outside of those hours.  Plaintiff recalls seeing Beavers at his worksites once in a while.

In 2009, Beavers began maintaining the biweekly timesheets for S&R's maintenance workers, including Plaintiff, and submitting them to Matthews every two weeks.  Plaintiff reviewed his paychecks upon receipt and never directly or formally complained to Beavers or Matthews about missing overtime pay.  S&R did provide Plaintiff overtime pay for several Saturdays he worked in 2007 and 2008, however.

Plaintiff relied on public transportation to get to the S&R worksites, and on occasion would arrive and start working prior to 7:00 a.m. About three days a week, Plaintiff would stay at the properties and work until 5:00 or 5:30 p.m. According to Plaintiff, he worked extra hours "[t]o do it quickly, to take care of my job, and to have a higher demand for work." By higher demand, Plaintiff explained that S&R "would give [him] a deadline for the apartment to be ready, so [he] had to finish it." However, no one at S&R ever told Plaintiff that he was required to work prior to 7:00 a.m. or past 3:30 p.m. Plaintiff never informed Beavers or Matthews about the extra hours he was working. S&R claims that it first became aware of Plaintiff's extra hours when he filed this lawsuit.

When Plaintiff began working for S&R, he worked with German Villanueva. Plaintiff admits that Villanueva was a maintenance worker just like he was, but also claims that he was "in charge." S&R acknowledges that prior to 2009, Villanueva would sometimes assist other maintenance workers with preparing their timesheets and faxing them to the payroll office. This practice ceased beginning in 2009, however. In 2007, Plaintiff raised the issue of overtime pay to Villanueva. Villanueva told Plaintiff that he had raised the issue to Matthews, who told Villanueva that Plaintiff would not be paid overtime. Plaintiff did not raise the issue to Matthews or Beavers directly. Plaintiff also alleges that Beavers worked with him past 3:30 p.m. to change water heaters at one of the properties. Plaintiff cannot recall the precise date or dates or the amount of overtime worked, but believes this occurred in 2009 or 2010.

## II.     STANDARD OF REVIEW

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also*

3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986).  The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  In ruling on a motion for summary judgment, "[c]redibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Okoli v. City of Baltimore*, 648 F.3d 216, 231 (4th Cir. 2011) (quoting *Anderson*, 477 U.S. at 255).

To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  A disputed fact presents a genuine issue "if, after reviewing the record as a whole . . . a reasonable jury could return a verdict for [the non-moving party]." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996) (citing *Anderson*, 477 U.S. at 248).  Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his favor, a nonmoving party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).  Furthermore, a nonmoving party cannot defeat summary judgment with merely a scintilla of evidence.  *See American Arms Int'l v. Herbert*, 563 F.3d 78, 82 (4th Cir. 2009).

### III. ANALYSIS

As a preliminary matter, S&R argues that Plaintiff's claims for overtime wages under the Fair Labor Standards Act (FLSA) and Maryland Wage and Hour Law (MWHL) are partially barred by the pertinent statutes of limitations.  Under the FLSA, actions are barred "unless

4

commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Similarly, the relevant statute of limitations for claims brought under the MWHL is three years. *See, e.g.*, *Orellana v. Cienna Props., LLC*, No. JKB-11-2515, 2012 WL 203241, at *5 (D. Md. Jan. 23, 2012) (citing Md. Code, Cts. & Jud. Proc. § 5-101). Plaintiff filed this action on May 3, 2012. Doc. No. 1. Accordingly, claims accruing prior to May 3, 2009 are time barred. Plaintiff concedes in its Opposition brief that these claims are time barred.[2] *See* Doc. No. 38 at 9.

Plaintiff's claims under the Maryland Wage Payment and Collection Law (MWPCL) must also be dismissed. "The MWPCL does not specifically address payment of overtime wages or provide a cause of action directed at [an] employer's failure to pay overtime." *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 670 (D. Md. 2011). Courts in this district have rejected MWPCL claims, and instead looked to the MWHL, "where the parties' core dispute is whether plaintiffs were entitled to overtime wages at all and not whether overtime wages were paid on a regular basis or upon termination." *Id.* (citing cases). Plaintiff concedes in his Opposition brief that the MWHL, and not the MWPCL, applies to his claims for overtime pay. Doc. No. 38 at 9. Accordingly, the remaining issue for resolution in this case is whether Defendant is entitled to summary judgment on Plaintiff's FLSA and MWHL claims that accrued on or after May 3, 2009.

The FLSA requires employers to pay employees overtime pay at a rate not less than one and one-half times the regular rate at which he is employed if the employee works in excess of 40 hours in a workweek. 29 U.S.C. § 207(a)(2). "In order to be liable for overtime wages under

---

[2] Plaintiff asserts that he can recover for unpaid overtime that occurred after April 25, 2009, but offers no support for this date.

the FLSA, an employer must have 'knowledge, either actual or constructive, of [that] overtime work.'" *Bailey v. Cnty. of Georgetown*, 94 F.3d 152, 157 (4th Cir. 1996) (quoting *Davis v. Food Lion,* 792 F.2d 1274, 1276 (4th Cir.1986)). Plaintiff has failed to raise a genuine issue of material fact that S&R had actual or constructive knowledge of his alleged overtime work. Accordingly, S&R is entitled to summary judgment.

It is undisputed that no one at S&R directed Plaintiff to work prior to 7:00 a.m. and after 3:30 p.m. Plaintiff himself acknowledges that no one asked him to work overtime, and even accepting his claim that he engaged in overtime work, it appears that he did so at his own initiative. Doc No. 37-7, Caseres Dep. at 85:21-86:4, 89:16-90:20. It is also undisputed that Plaintiff never complained directly to his supervisors Jill Matthews or Bill Beavers regarding unpaid overtime wages. *Id.* at 92:9-16, 95:7-96:18; Doc. No. 37-3, Matthews Aff. ¶ 11; Doc. No. 37-4, Beavers Aff. ¶ 10. Matthews and Beavers aver that they were unaware that Plaintiff was working overtime hours. Doc. No. 37-3 ¶¶ 9-10; Doc. No. 37-4 ¶¶ 8-9.

Plaintiff argues that he has established a genuine issue of material fact as to whether S&R had actual or constructive knowledge of his overtime work based on Plaintiff's 2007 conversation with his coworker, German Villanueva. Plaintiff described the conversation during his deposition:

> Q [Counsel for Defendant]: Well, what did you say to Jill [Matthews]? How did you raise the issue to Jill in the first place?
> A [Plaintiff]: I said, "One day I stayed overtime, and I want you to pay me." I told German, "Charge it because I stayed working late." And he said that he mentioned it, and he was told that they were not going to pay me more.
> Q: So you told German to tell Jill to ask for more money for the hours worked?
> A: Yes.
> Q: So you didn't ask Jill directly?
> A: No.
> Q: Did you tell any supervisor that you were working longer hours each day?
> A: No.

6

Doc. No. 37-3 at 92:2-16.

There are at least three problems with Plaintiff's reliance on the conversation with Villanueva. First, Plaintiff asserts in his Opposition brief that there is a genuine issue as to whether Villanueva was Plaintiff's supervisor such that S&R can be charged with knowledge of Plaintiff's overtime work. However, even Plaintiff acknowledged during his deposition that Villanueva was a worker just like he was. *Id.* at 82:16-17. Although Plaintiff vaguely asserted that Villanueva was "in charge," *id.* at 82:20, this statement is insufficient to create a genuine issue of material fact given the sworn testimony of Beavers, Matthews, and Moreno-Meoni that Villanueva did not have any supervisory authority over Plaintiff. Doc. No. 37-2, Moreno-Meoni Dep. at 12:21-13:2; Doc. No. Doc. No. 37-3, ¶ 6; Doc. No. 37-4 ¶ 6. Second, Plaintiff alleges that he told Villanueva about his overtime work in 2007. *Id.* at 92:21-93:5. Such a conversation does not create a genuine issue of material fact as to whether S&R had actual of constructive knowledge of Plaintiff's overtime work from May 3, 2009 through his termination. Third, Plaintiff's testimony concerning the details of the alleged conversation between Villanueva and Matthews constitutes hearsay, and Plaintiff may not create a genuine issue of material fact with inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2).

Plaintiff also argues that summary judgment is improper because Beavers "occasionally" saw him working overtime. Doc. No. 38 at 6. During his deposition, Plaintiff vaguely asserted that around 2009 or 2010, he had worked with Beavers past 3:30 "once in a while." Doc. No. 37-7 at 103:6-105:15. Plaintiff's vague and unsupported allegations regarding off-the-clock work with Beavers are insufficient to create a genuine issue of material fact. *See, e.g.*, *Darrikhuma v. Southland Corp.*, 975 F. Supp. 778, 784 n.10 (D. Md. 1997) ("Plaintiff alleges that a number of other individuals saw him work overtime. Because this assertion is unsupported

7

and vague as to whether any of those persons knew that Plaintiff worked off-the-clock hours, it must also be rejected.").

The isolated incidents alleged by Plaintiff—the conversation with Villanueva in 2007 and the occasional after-hours work with Beavers in either 2009 or 2010—are not sufficient to raise a genuine issue of material fact that S&R was on notice of Plaintiff's overtime work for the period May 3, 2009 through his termination in January 2012. *See Bailey v. Cnty. of Georgetown*, 94 F.3d 152, 157 (4th Cir. 1996). It bears emphasis that although Plaintiff apparently learned that he was entitled to overtime pay at least by 2007, the time of his discussions with Villanueva, he never reported his alleged overtime hours during the period in question to anyone at S&R. In light of the entire record before the Court, Defendant is entitled to summary judgment on Plaintiff's FLSA claims. *See, e.g.*, *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414-15 (9th Cir. 1981) (affirming grant of summary judgment to employer where the employer's officials' affidavits stated that they had no knowledge of plaintiff's overtime work and plaintiff did not mention his overtime work to any official despite knowing that overtime should have been reported on his time sheets); *Wood v. Mid-America Mgmt. Corp.*, 192 F. App'x 378, 380-81 (6th Cir. 2006) (affirming grant of summary judgment to employer where employee consciously omitted overtime hours for which he knew he could be paid); *Darrikhuma*, 975 F. Supp. at 783-84 (granted summary judgment to employer where plaintiff admitted that he did not inform supervisor of his alleged off-the clock hours and his evidence of employer's constructive knowledge was unsupported and vague).[3]

---

[3] The cases relied upon by Plaintiff in his Opposition brief are easily distinguishable. For example, in *Juan v. Hillsborough County*, the plaintiff failed to indicate that she worked overtime on her time sheets because her managers directed employees to omit overtime hours. No. 8:05-cv-1171-T-24MSS, 2006 WL 2868935, at *4 (M.D. Fla. Oct. 6, 2006). Therefore, the plaintiff believed that she would not receive overtime pay even if she reported the correct overtime hours. No such circumstances exist in the instant case however, particularly given that Plaintiff did report overtime hours for several Saturdays that he worked in 2007 and 2008 and was compensated accordingly. Doc. No. 37-7 at 108:20-110:11.

The MWHL is Maryland's "equivalent of the FLSA," *Khalil v. Subway at Arundel Mills Office Park, Inc.*, No. CCB-09-158, 2011 WL 231793, at *2 (D. Md. Jan. 24, 2011), and FLSA analysis "applies equally" to the MWHL, *Goode v. American Veterans, Inc.*, 874 F. Supp. 2d 430, 444 n.10 (D. Md. 2012). Accordingly, for the same reasons Defendant is entitled to summary judgment on Plaintiff's FLSA claims, the Court will also grant summary judgment on Plaintiff's MWHL claims.

## IV. CONCLUSION

For the foregoing reasons, S&R's Motion for Summary Judgment will be GRANTED. A separate Order will follow.

August 5, 2013　　　　　　　　　　　　　　　　　　　　　　/s/
　　Date　　　　　　　　　　　　　　　　　　Alexander Williams, Jr.
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE